UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| CONRAD BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | CA. #3:20-cv-___120_____ |
| | ) | |
| GEO SECURE SERVICES, LLC | ) | |
| t\a GEO CORRECTIONS & DETENTION, LLC | ) | |
| Serve: Corp. Creations Network, Inc. | ) | |
| 6802 Paragon Place, #410 | ) | |
| Richmond, VA 23230, | ) | |
| | ) | COMPLAINT |
| THE GEO GROUP, INC. | ) | |
| Serve: Secretary of the Commonwealth | ) | |
| P.O. Box 1475 | ) | |
| Richmond, VA 23218 | ) | |
| | ) | |
| JAMES BEALE | ) | |
| Lawrenceville Correctional Center | ) | |
| 1607 Planters Road | ) | |
| Lawrenceville, VA 23868, | ) | |
| | ) | |
| MEDICAL DIRECTOR *F.N.U.* EZEKIEL | ) | |
| Lawrenceville Correctional Center | ) | |
| 1607 Planters Road | ) | |
| Lawrenceville, VA 23868, | ) | |
| | ) | |
| SUPERVISING NURSE | ) | |
| Lawrenceville Correctional Center | ) | |
| 1607 Planters Road | ) | |
| Lawrenceville, VA 23868, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ILLEGIBLE SIGNATURE | ) | |
| Health Services Quality Improvement Unit | ) | |
| Virginia Department of Corrections | ) | |
| 6900 Atmore Drive | ) | |
| Richmond, VA 23225, | ) | |
| | ) | |
| Defendants. | ) | |

Preliminary and Jurisdictional Statement

1.  Mr. Burke was an inmate at Lawrenceville Correctional Center ("LLC) in April 2018 when a temporary filling fell out of one of his back teeth, causing him increasingly severe pain. When he presented himself to the LCC medical staff to address this condition, he was informed that LCC  did not have a dentist.  He was denied proper care for almost half a year.  The delay in providing a permanent filling caused Mr. Burke severe pain for almost half a year and rendered the tooth too damaged to be filled or otherwise repaired.  After he was transferred to Pocahontas Correctional Center ("PCC") in October 2018, the PCC dentist promptly extracted his tooth.  Mr. Burke now seeks damages from the private, for-profit correctional corporation running LLC, its warden, its medical director and its nursing supervisor, and from a currently unidentified defendant employed in the Health Services Quality Improvement Unit of the Virginia Department of Corrections ("VDOC") who purportedly investigated repeated complaints that LCC was not providing dental care to Mr. Burke and reported that everything was fine.  Having repeatedly grieved and administratively appealed the denial of dental care, Mr. Burke has exhausted his administrative remedies.  This court has jurisdiction over Mr. Burke's constitutional claims pursuant to 28 U.S.C. §1331.  The court has supplemental jurisdiction over his state tort claims under 28 U.S.C. §1367 as they arise out of the same nucleus of operative facts as his constitutional claims.

Parties

2.  Conrad Burke is an inmate in the custody of VDOC. At all relevant times he was an inmate at LCC.

3.  Defendants Geo Secure Services, LLC / Geo Corrections & Detention LLC and The Geo Group Inc. are private companies with shared headquarters, if not shared executive personnel, in Boca Raton, Florida.  On information and belief, Geo Secure Services LLC trades as Geo Corrections  & Detention LLC, as a subsidiary of The Geo Group.[1]  The Geo companies run prisons for profit.  At all relevant times, one or all of these companies were under contract with VDOC to operate and manage LCC, provide trained staffing, and ensure adequate and appropriate medical and dental care to inmates confined there.[2]  In their correctional work on behalf of VDOC, all Geo entities engaged in state action, such that their actions were under color of state law.  In this complaint, the name "Geo" refers to the Geo entity or entities that were managing LCC for VDOC in the period April - October 2018.

4.  At all relevant times, defendant James Beale was an employee and agent of Geo serving as the warden at LCC.   In that capacity, he held a non-delegable duty to ensure that inmates confined to his facility were not, by reason of lack of staff or supplies, deprived of medical or dental care needed to treat serious medical or dental conditions.  In particular, he was responsible to investigate, or cause the investigation of, complaints of inadequate medical or

---

[1]A search on the Virginia State Corporation Commission website for the registered agent of Geo Corrections and Detention LLC leads to an entry for the registered agent for Geo Secure Services, LLC, which appears to be the formal name of the Geo entity at issue.  *See,* https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=680898&source=From EntityResult&isSeries=False.  This registered agent is being served with the complaint.

[2]By contractual amendment in June, 2015, Geo Corrections & Detention took over the LCC contract from The Geo Group.  But according to The Geo Group's current website, "Since 2003, the GEO Group has managed the Lawrenceville Correctional Center on behalf of the Virginia Department of Corrections."   https://www.geogroup.com/FacilityDetail/FacilityID/60.  If it is established that one solvent Geo defendant is the sole proper corporate defendant in this action, the other(s) will be voluntarily dismissed.

dental care to inmates that came to his attention, and to take necessary steps to assure that such situations be addressed promptly and appropriately within applicable standards.  In his correctional work on behalf of Geo and VDOC, defendant Beale engaged in state action, such that his actions were under color of state law. He is sued in his individual capacity for damages.

5.  Defendant Dr. *F.N.U.* Ezekiel was at all relevant times an employee and agent of Geo serving as the medical director at LLC.  As medical director, he was responsible for ensuring the availability and directing the work of doctors, dentists and other medical professionals needed to treat the serious medical and dental needs of inmates within at least standards imposed by the constitution or state tort law, and to ensure the availability of necessary supplies and equipment to that end.  He was also responsible for properly investigating complaints of inadequate medical care for inmates that came to his attention, and for taking necessary steps to assure that such situations be addressed promptly and appropriately.  In his correctional work on behalf of Geo and VDOC, defendant Ezekiel engaged in state action, such that his actions were under color of state law.  He is sued in his individual capacity for damages.  His full name will be obtained in discovery.

6.  Defendant Supervising Nurse was at all relevant times an employee of Geo working as the supervising nurse at LLC referenced in ¶¶28-29, *infra*, and in Exhibit 11 to this complaint. Counsel has been unable to discover her identity informally. Her name will be obtained in discovery, following which she will be sued in her true name.  She is sued in her individual capacity for her actions taken under color of state law on behalf of Geo and VDOC, in knowingly providing false information regarding Mr. Burke's dental condition in response to formal inquiry, as set forth in ¶¶27-29, *infra*.

7. Defendant Illegible Signature is an employee of VDOC's Health Services Quality Improvement Unit. At all relevant times he was responsible for investigating complaints of inadequate care at state correctional facilities in Virginia, including LCC, and in a position to take effective steps to ameliorate substandard conditions. He was trained and aware that VDOC holds a non-delegable duty to ensure adequate medical and dental staff, equipment and supplies at all its prisons, including those contracted to private for-profit companies to operate. On at least two occasions, defendant Illegible Signature was presented with reliable complaints that Mr. Burke was being denied necessary dental care and that this condition was causing him serious and ongoing pain. On both occasions he failed properly to investigate these complaints and did nothing to ensure LCC was providing Mr. Burke with appropriate care. He is the author of Exhibits 9 & 18 to this complaint, but his signature is illegible and counsel has been unable to discover his identity informally. His name will be obtained in discovery, following which he will be sued in his true name. He is sued in his individual capacity, for his actions taken under color of state law on behalf of Geo and VDOC.

Statement of Facts

8. In January 2018, while housed at Sussex I prison, Mr. Burke was seen for dental treatment, including receipt of a temporary filling in one of his lower back teeth. He was advised that he would receive a permanent filling soon thereafter.

9. The temporary filling fell out not long after being put in place. Notwithstanding his complaints of pain resulting from the missing filling, he was advised on January 24, 2018 that

his pain "did not meet the definition of an emergency."   Exhibit 1.  He received no emergency care.

10.  By March, Mr. Burke had still not received any follow-up dental care.  He contacted counsel for assistance.

11.  In March, 2018, counsel asked an assistant attorney general ("AAG") who worked on VDOC cases to look into the matter.  Mr. Burke was promptly seen by the Sussex I institutional dentist.  The dentist provided him with another temporary rather than a permanent filling, advising that a permanent filling would be installed as soon as possible thereafter.

12.  Before any permanent filling was provided, Mr. Burke was transferred from Sussex I to LCC.

13.  In early April, 2018, not long after his arrival at LCC, the temporary filling in Mr. Burke's tooth fell out.

14.  On April 22, 2018, Mr. Burke filed an emergency grievance explaining that a filling had fallen out of his tooth and that it was causing him severe pain.  Exhibit 2.

15.  At the time Mr. Burke first requested dental care, and continuing for the following half year while he remained at LCC, Geo was under contract with VDOC, first entered into in 2003, to "provide ... dental services in accordance with A[merican] C[orrectional] A[ssociation] standards, Virginia regulations and federal and state law....," including specifically "24 hour a day, 7 day a week emergency ... dental ... care."  Geo was obliged by its contract to have "not less than one on-site full-time dentist and suitable on-site dental support personnel."  These specifications were set forth in a part of the contract entitled "Litigation Sensitive Policies and Procedures."

16.  In reply to his April 22, 2018 grievance, Mr. Burke was informed:  "There's no dentist on staff @ present time.  However, the search for one is ongoing."  Exhibit 2.

17.  On April 23, 2018, Mr. Burke filed a second emergency grievance form seeking prompt dental treatment for extreme pain.  Exhibit 3.

18.  In reply to his second grievance, Mr. Burke was informed: "Unfortunately, we do not have a dentist at the present time."  Exhibit 3.

19.  As a for-profit enterprise, what Geo did not spend on inmate care contributed to its profit as a commercial venture.  Not paying to have a dentist on staff, or otherwise readily available, was financially beneficial to the company, however detrimental to its inmates.

20.  Mr. Burke filed a complaint on April 23, 2018 setting forth the same request for dental services as before.   Exhibit 4. The reply to this complaint, dated two weeks later, confirmed that "at this time we don't have a dentist."  He was informed that once a dentist had been located, he would be scheduled for an appointment.  In the meanwhile "pain management" would have to suffice.  Exhibit 4.

21.  On May 3, 2018, counsel's nurse/paralegal wrote to the AAG who had looked into Mr. Burke's case in March, asking her to ensure that:

> Mr. Burke see[] a dentist within the week maximum, even if that
> means taking him to see a provider offsite. Moreover, the entire
> medical staff must be put on notice that delaying urgent medical or
> dental treatment because a specialist is not on staff is unacceptable,
> both from a medical and a legal perspective.

Exhibit 5.

22.  On May 10, 2018, Mr. Burke filed a grievance complaining of the denial of the

dental care he required.  Exhibit 6 at 1.  Mr. Burke's grievance was not accepted for intake, by

reason of "emergency grievance receipt" (*sic*).  Exhibit 6 at 2.

23.  Mr. Burke appealed the denial of intake to the Regional Ombudsman.  Exhibit 7.

The appeal was denied without explanation and without right of further appeal.  Exhibit 6 at 2.

24.  In the meanwhile, having received no response to his nurse/paralegal's May 3 letter,

on May ll, 2018, Mr. Burke's counsel wrote  to the same AAG, as follows:

> I request your immediate attention to the case of Conrad Burke,
> who has been left with a missing filling, excruciating pain, and a
> woefully viable Eighth Amendment claim against a variety of
> VDOC personnel, including those who initially told him that there
> was no dentist available to treat him, and now, at another facility,[3]
> those who continue to deny him a dentist to replace the temporary
> filling he received earlier.
>
> It is (a) your cooperation and, to a lesser extent, that of the VDOC
> personnel who took some steps to address this abysmal situation,
> and (b) the press of other work, that have for the time being
> precluded my filing a lawsuit for him. WHAT'S W[R]ONG WITH
> THESE PEOPLE????? DO THEY NOT KNOW WHAT A
> TOOTH[]ACHE IS?
>
> I will do what is necessary to sue them if Burke has not seen a
> dentist and been properly treated by COB Wednesday. If he is seen
> Thursday morning I will sue them for damages anyway. Truly, this
> is outrageous.

Exhibit 8 (emphasis in original).

25.  Members of Mr. Burke's family members also contacted VDOC to complain about

the denial of dental care to Mr. Burke.  This complaint was purportedly investigated by

defendant Illegible Signature.

---

[3]This was in error; everything of consequence here happened at the same facility: LCC.

26.  On or about May 18, 2018 Mr. Burke received a letter from defendant Illegible Signature, bearing his illegible signature.  The letter indicated that he had conducted an investigation and determined that Mr. Burke was "being treated appropriately based on policy, per Dr. Ezekiel," LCC's medical director.  Exhibit 9.

27.  On or about May 21, 2018 Mr. Burke was seen by Nurse Walker in LCC's medical unit.  Nurse Walker's examination confirmed that Mr. Burke's filling was missing, that he was experiencing some swelling, and was complaining of pain.  She noted that a referral to the dental department was required, and referred Mr. Burke's dental complaint to the doctor for review. Exhibit 10.

28.  Nurse Walker's findings notwithstanding, on or about May 21, 2018, defendant Supervising Nurse at LCC reported to the AAG handling the matter that Mr. Burke "has not been making any complaints of pain or needed dental treatment."  Exhibit 11 at 3.  This was false and   defendant Supervising Nurse knew it.  She provided this false information knowing that the AAG was attempting to resolve a complaint from Mr. Burke's counsel that Mr. Burke was not receiving necessary medical care at LCC, in a misguided, unprofessional and unlawful effort to shield her employer Geo from blame and liability for withholding necessary treatment.

29.  The AAG forwarded defendant Supervising Nurse's information to counsel, not knowing that it was false.  Exhibit 11 at 3.  Counsel responded: "One of our clients is lying to us," *id.* at 2, followed by "Please tell the nurse that the damages to be sought against her company will be proportional to the passage of time that Conrad went without a dentist."  *Id.* at 1.

30. On May 23, 2018, Mr. Burke's lawyer wrote to defendant Beale, as follows:

> I represent Conrad Burke, an inmate of your facility. He has been
> denied necessary dental work for weeks on end, on the
> representation that your facility did not have a dentist on board. I
> have communicated about this case at length, for a period of
> weeks, with the Virginia Attorney General's Office. I understand
> that at long last a dentist has been procured for your inmates who
> need dental work, and that the dentist will start work next week. I
> write with the request that Mr. Burke be advanced to the top of the
> list of persons who will be seen by the dentist. If there are other
> emergencies, I recommend that you get a second dentist. What is
> at issue at this point is no longer whether your company will be
> sued but how much money will end up being at issue given the
> never-ending delays in the provision of dental care to this inmate,
> if not others as well.

*See*, Exhibit 12.[4]

31. Defendant Beale did not respond to counsel's letter. Mr. Burke was not seen on an expedited basis.

32. Mr. Burke was finally seen by a dentist at LCC on July 9, 2018. The dentist confirmed once again that Mr. Burke's filling had fallen out. The dentist did not repair the tooth at this visit, however, explaining that the prison did not have the necessary equipment and supplies for him to perform the appropriate procedure.

33. The dentist on July 9, 2018 prescribed antibiotics for Mr. Burke and recommended that he be "rescheduled ASAP." Exhibit 13.

---

[4]Counsel also wrote to the AAG as follows: "These []for profit "health-care" providers are a catastrophe. Y'all should get rid of them, as they will ensnare your department – which remains constitutionally responsible for the provision of adequate health care – in litigation and bad PR. Conrad has no idea when he will be seen by the dentist. *** Let me ask you please to advise the providers to put Conrad first on the dentist's list. This will minimize their damages...." Exhibit 11 at 1.

34.  Mr. Burke did not receive the antibiotics he had been prescribed, nor was he seen for a follow-up dentist's appointment until October, following his transfer out of LLC.

35.  On July 20, 2018, Mr. Burke grieved not having received the antibiotics prescribed for him.  Exhibit 14.  The response was that his grievance "does not meet the definition for an emergency."  He was told that he had been scheduled to see the dentist.

36.  Mr. Burke did not see a dentist again while at LCC.

37.  By letter written July 24, 2018, defendant Illegible Signature informed Mr. Burke a second time that, having reviewed his counsel's complaint and received information from Warden Beale, he concluded that the care received by Mr. Burke was appropriate and that no violation of policy or procedure had occurred.  Exhibit 15.

38.  At all relevant times over the course of almost half a year:

> \*  All defendants were aware from Mr. Burke, his family, and his lawyer, that he suffered from a serious dental problem causing him ongoing exquisite pain,

> \*  All defendants except defendant Illegible Signature were perfectly aware, and defendant Illegible Signature knew, or with deliberate indifference closed his eyes to the fact, that for months on end, LLC was in default of its lawful and contractual obligations to have a dentist and dental services available to inmates as needed,

> \*  All defendants were aware of their obligations under long-settled law, as well as under their obligations as correctional and healthcare professionals

– and in the case of Geo, under contract as well – that they had to provide

Mr. Burke with timely and effective care to meet his serious dental needs;

*      All defendants washed their hands of Mr. Burke and his problems and

failed to provide him, or to cause him to be provided, with necessary and

appropriate care,

39.  In September 2018 Mr. Burke was transferred from LCC to Pocahontas

Correctional Center, a public facility run by VDOC.  On or about October 18, 2018 he was seen

by a dentist there for "toothache with swelling in lower left side."  The examination revealed

deep caries and apical radiolucent lesion in tooth #18, with tenderness on palpitation.  The

diagnoses was acute periapical periodontitis of the tooth, with extraction required.  Exhibit 16.

The tooth was pulled and Mr. Burke prescribed a course of antibiotics for one week.  Exhibit 16-

17.

40. Defendants' actions set forth above were knowing, wanton, willful, and in callous

disregard of Mr. Burke's dire circumstances, of his legal entitlement to necessary care, and of

their own known obligations under long settled law and professional standards to provide that

care.  Defendants elected to mind Geo's expenses and bottom line rather than their inmates'

needs.  By their actions and inaction in question, defendants displayed deliberate indifference to

Mr. Burke's serious dental needs, thereby causing him ongoing severe pain for almost half a year

and ultimately the loss of a tooth – all so as to permit Geo to make more money by not spending

it on dental services at LCC.

## Causes of Action

### Count I

### Liability of Geo For Unconstitutional Policy, Practice or Usage[5]

41.  As operator of a for profit prison for VDOC operating under color of state law, Geo owed a duty to its inmates to provide them with constitutionally sufficient medical care, without regard to its margin of profit as a commercial venture.  Geo's failed provision of necessary dental care to Mr. Burke over almost half a year set forth above was, with deliberate indifference,  expressly and falsely defended by all defendants as being in compliance with applicable policy and procedures. This failure reflected a policy, practice or usage of Geo not to arrange for the ready provision of dental care to inmates, in derogation of Geo's obligations under color of law, and in derogation of Mr. Burke's rights under the Eighth Amendment of the United States Constitution.

### Count II

### Liability of Warden Beale for Cruel and Unusual Punishment

42.  Defendant Beale's actions and inaction set forth above evinced his deliberate indifference to Mr. Burke's severe and ongoing pain, knowingly causing and permitting Mr. Burke to be denied necessary dental care for months on end, all in service of his employer's bottom line.  In so doing, with deliberate indifference defendant Beale violated Mr. Burke's rights under the Eighth Amendment of the United States Constitution.

---

[5]For "Geo," see ¶3 and n. 1 at 3.  Pending clarification, Counts I and V are stated against both Geo Corrections & Detention, LLC and The Geo Group.

Count III

Liability of Medical Director Ezekiel for Cruel and Unusual Punishment

43.  Defendant Ezekiel's actions and inaction set forth above evinced his deliberate
indifference to Mr. Burke's severe and ongoing pain, knowingly causing and permitting Mr.
Burke to be denied necessary dental care for over almost half a year, all in service of his
employer's bottom line.  In so doing, defendant Ezekiel violated Mr. Burke's rights under the
Eighth Amendment of the United States Constitution.

Count IV

Liability of Defendant Supervising Nurse for Cruel and Unusual Punishment

44.  Defendant Supervising Nurse's knowingly providing false information regarding Mr.
Burke's dental condition in response to formal inquiry, as set forth in ¶¶27-29, justified VDOC
in taking no ameliorative action to ensure that Mr. Burke, an offender committed to its custody,
was receiving dental care consistent with his lawful entitlements and Geo's contractual
obligations.  In so doing, defendant Supervising Nurse, with deliberate indifference, gratuitously
and wilfully prolonged Mr. Burke's pain and distress, thereby violating his rights under the
Eighth Amendment of the United States Constitution.

Count V

Liability of Defendant Illegible Signature for Cruel and Unusual Punishment

43.  Defendant Illegible Signature's actions and inaction set forth above in ¶¶ 9, 26 and
36 evinced his deliberate indifference to Mr. Burke's duly and responsibly reported severe and

-14-

ongoing pain and dental crisis.  Washing his hands of his professional, legal, and constitutional obligations as an agent of VDOC's Health Services Quality Improvement Unit, he knowingly caused and permitted Mr. Burke to be denied necessary dental care for five months.  In so doing, defendant Illegible Signature violated Mr. Burke's rights under the Eighth Amendment of the United States Constitution.

## Count VI

### Gross Negligence of Geo

45.  As operator of a prison housing human beings, Geo owed a duty to its inmates to provide them with at least minimally sufficient medical care.  The failed provision of necessary dental care to Mr. Burke almost half a year set forth above reflected Geo's policy, practice or usage  not to provide care regardless of need if this was too expensive or too inconvenient, thereby amounting to gross corporate negligence in the discharge of GEO's  duty of care to the inmates remanded to its custody.

## Count VII

### Gross Negligence of Warden Beale

46.  As warden of a prison housing human beings, defendant Beale owed a duty to its inmates to see that they were provided with at least minimally sufficient medical care.  Defendant Beale failed to do so for months on end, despite being on notice from Mr. Burke, his family and his lawyers of his dire need for immediate dental relief.  He thereby manifested gross negligence in the discharge of his duty of care owed to Mr. Burke.

## Count VIII

### Gross Negligence of Medical Director Ezekiel

47.  As medical director of a prison housing human beings, defendant Ezekiel owed a duty to its inmates to see that they were provided with at least minimally sufficient medical care. Defendant Ezekiel failed to do so for almost half a year, despite being on notice from Mr. Burke, his family and his lawyers of his dire need for immediate dental relief.  He thereby manifested gross negligence in the discharge of his duty of care owed to Mr. Burke.

## Count IX

### Gross Negligence of Defendant Illegible Signature

48.  As an employee of VDOCs's Health Services Quality Improvement Unit responsible for investigating and acting on complaints of inadequate care at Virginia correctional facilities, defendant Illegible Signature owed a duty to VDOC inmates to see that they were provided with at least minimally sufficient medical care.  Defendant Illegible Signature failed to do so for almost half a year, despite being on repeated notice from Mr. Burke, his family and his lawyers of Mr. Burke's dire need for immediate dental relief.  He thereby manifested gross negligence in the discharge of his duty of care owed to Mr. Burke.

## Count X

### *Respondeat Superior* Liability of Geo

49.  Geo is liable under *respondeat superior* for the gross negligence committed by its employees and agents Beale, Ezekiel and Supervising Nurse set forth above.

*

Wherefore, Mr. Burke seeks an order awarding him:

*        actual damages against all defendants appropriate to the proof at trial,

*        punitive damages against all defendants appropriate to the proof at trial,

*        an award of reasonable attorney fees and costs,

*        an injunction barring defendants from denying necessary medical/dental care to

         Mr. Burke in the event he is sent back to a prison run by Geo,

*        such further relief as is just.

                                        Respectfully submitted,

                                        CONRAD BURKE,

                                        By counsel

Dated:   February 24, 2020

Counsel for Plaintiff:


//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Bernadette E. Valdellon, *pro hac vice* pending
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
bev@robinhoodesq.com
**BurkeConrad\Pleadings\Complaint**